

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD ROOT, JR. | : |
| VS. | :  NO. 3:03CV00949(JCH) |
| TIMOTHY LISTON | :  OCTOBER 14, 2003 |

PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS

The defendant in this action has filed a motion to dismiss based on the theory that the defendant's acts and omissions as described in the Complaint were shielded by prosecutorial immunity. In sum, the defendant contends that he was performing a prosecutorial function at the time he informed a state police officer that a court-set bond for the plaintiff in this action had been increased. In fact, no such modification of a court-set bond had taken place, a fact known to the defendant. By fraudulently misrepresenting the actions of the Court to a law enforcement officer, the defendant here exceeded his prosecutorial authority, and lost the shield of prosecutorial immunity. To rule otherwise would be to hold that the separation of powers means nothing, and that prosecutors are free to masquerade as judges.

1

I.    **Standard**

The court is required to accept as true all of the factual allegations of the Complaint, and the inferences flowing therefrom. Indeed, the nonmovant is entitled to have every reasonable inference drawn in his favor at this stage of the proceedings. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In sum, the defendant here must demonstrate to the Court that there is no claim upon which the defendant can seek lawful relief.

II    **Facts**

The plaintiff relies upon the following facts in support of his argument in opposition to the motion to dismiss:

1. On or about July 27, 2001, the plaintiff was arrested at the Superior Court for the Judicial District of Middletown pursuant to a warrant for a Failure to Appear in Court. The criminal charge for which the plaintiff had allegedly failed to appear was driving under suspension. In fact, the defendant knew the plaintiff was present in Court as required, and took affirmative steps to assure that the plaintiff's case would not be called by a judge of the Superior Court. (Para. 5 of the Complaint.)

2. A Judge of the Superior Court for the State of Connecticut set a

bond of $1,000 on that file, and the warrant for the plaintiff's arrest reflected that fact. (Para. 6 of the Complaint.)

3. The plaintiff was taken into custody by members of the Connecticut State Police and removed to Troop K, where he was detained. (Para. 7 of the Complaint.)

4. A bondsman appeared at Troop K several times on July 27, 2001, July 28, 2001, and July 29, 2001, ready, willing and able to post a $1,000 bond to secure the plaintiff's liberty. (Para. 8 of the Complaint.)

5. Defendant Liston informed the state police during this time that the bond was, in fact, $250,000, a fact he knew to be false at the time he made the statement. (Para. 9 of the Complaint.)

6. Defendant Liston did not seek an order of the Superior Court to change the judicially set bond for the plaintiff. (Para. 10 of the Complaint.)

7. The plaintiff was brought to the Middletown Superior Court on July 30, 2001, where he was arrested on new misdemeanor charges of threatening and disorderly conduct. The bond set by the judge signing that warrant was $100,000. (Para. 11 of the Complaint.)

8. At no time on July 27, July 28 or July 29, 2001, had a judicial authority of the State of Connecticut set a bond of $250,000 on any charge for which the plaintiff had been arrested, or for which an arrest of the plaintiff was

3

being contemplated. (Para. 12 of the Complaint.)

9. At all times from the moment of his arrest on a failure to appear charge on July 27, 2001, until July 30, 2001, the plaintiff's arrest warrants reflected bonds set by neutral and detached magistrates. (Para. 13 of the Complaint.)

10. The fact that judge-set bonds were in place during this period was known to defendant Liston. (Para. 14 of the Complaint.)

11. Defendant Liston materially misrepresented the bonds set on the plaintiff for the express purpose of assuring that he remained behind bars and unable to secure his liberty. (Para. 15 of the Complaint.)

### III. Argument

The defendant asserts that he was acting within the scope of his prosecutorial authority when he informed the police that a bond of $250,000 had been set on the plaintiff. What the defendant fails to address in his brief is that the Court had set a bond on the defendant of $1,000. Defendant Liston then unilaterally sought to change the bond without Court intervention. In effect, Mr. Liston filed, and then granted, his own bond modification motion on an ex parte basis.

The facts in this case are wholly distinguishable from those presented in Sanchez v. Doyle, 254 F. Supp. 266, 269 (D. Conn. 2003), decided by Arterton, J. In Sanchez, the state's attorney set bond before the criminal defendant had been presented to a judge for arraignment. In other words, the prosecutor used his quasi-judicial authority to set bond prior to an arrest. As Judge Arterton noted, a "state prosecutor is entitled to absolute immunity when he orders or advises a Connecticut State Police officer to set an arrestee's bail ..." **Id.**, 269. The defendant would transform this ruling, review of which was not sought in the Second Circuit, to a more expansive rule of law: "A state prosecutor is entitled to absolute immunity when he countermands a order of a Superior Court judge and substitutes his wishes for the order of the court." There is no case law in the United States of America to support the rule of Torquemada for the rule of law.

The absence of case law to support the theory that a prosecutor can, in effect, alter court orders and misrepresent the court's orders to law enforcement officers is not even a close call. The defendant cites no case on which he relied in unilaterally vacating a court order. He is not entitled to qualified immunity.

Our law recognizes that prosecutorial immunity can be abandoned when a prosecutor steps outside his core prosecutorial function. Imbler. In Kalina v. Fletcher, 118 S. Ct. 502 (1997), the Supreme Court held that a prosecutor who crosses the line separating investigator from advocate may lose the benefit of his immunity from suit. In that case, the prosecutor signed an affidavit averring to the truth or certain material facts upon which the subsequent prosecution relied. See also, Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990). The Supreme Court has approved a functional test for determining whether a prosecutorial act is immune. Forrester v. White, 484 U.S. 219, 229 (1988); Hampton v. Chicago, 484 F.2d 602, 608 (C.A.7 1973); Buckley v. Fitzsimmons, 509 U.S. 259, 273-74 (19__).

In this case, the prosecutor did far worse than play investigator; he usurped the judicial function and deprived the plaintiff of a chance to meet a condition of relief set by a neutral and detached magistrate. The defendant is not entitle to immunity of any sort for what amounts to a constitutional coup. To even raise this issue on these facts is frivolous.

THE PLAINTIFF

BY _____
Norman A. Pattis

6

                    Williams and Pattis, LLC
                    51 Elm Street, Suite 409
                    New Haven, CT 06510
                    (203) 562-9931
                    FAX: (203) 776-9494
                    Federal Bar No. ct13120

## CERTIFICATION

The foregoing was mailed, first-class mail, postage prepaid, this 14TH day of October 2003 to Robert Fiske, 110 Sherman Street, Hartford, CT 06105..

_____
NORMAN A. PATTIS