FILED

2003 OCT 30 P 12: 20

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD ROOT<br>*Plaintiff* | : | No. 3:03CV00949(JCH) |
| v. | : | |
| TIMOTHY LISTON<br>*Defendant* | : | OCTOBER 28, 2003 |

## THE DEFENDANT'S REPLY TO THE PLAINTIFFS OPPOSITION TO HIS MOTION TO DISMISS

The defendant, Connecticut State's Attorney Timothy Liston, (hereinafter referred to as "the defendant"), submits this reply brief in response to the plaintiffs' opposition[1] to the defendant's Motion to Dismiss. In this reply, the defendant will not repeat the arguments set forth in his memorandum of law in support of his motion to dismiss, but rather, will address the lack of merit to the plaintiffs' argument in opposition. As set forth herein, the defendant is entitled to prosecutorial immunity, or in the alternative qualified immunity, and thus the plaintiff's complaint should be dismissed.

---

[1] Plaintiff's Memorandum of Law in Response to Defendant's Motion to Dismiss, (hereinafter referred to as "PB"), was received by mail at to the office of counsel for Defendant Liston on Wednesday, October 15, 2003.

## I. THE DEFENDANT'S ACTION OF INCREASING THE PLAINTIFF'S BOND WAS PROTECTED BY PROSECUTORAL IMMUNITY

Contrary to the arguments of the plaintiff, the actions of the defendant were not improper or outside the scope of prosecutorial immunity, but rather, were actions squarely within his prosecutorial function. Indeed, the defendant acted exactly as a prosecutor is expected to act by advising the state police of the plaintiff's bond. See *Doyle v. Sanchez*, 245 F. Supp. 266 (D. Conn. 2003). The fact that the defendant increased the bond amount set earlier in the day by a judge is irrelevant, because the higher bond he imposed was in response to new criminal charges being contemplated against the plaintiff which arose after he left court, but for which he had not yet been arrested.

The allegations in the plaintiff's own complaint admit that on Friday, July 27, 2001, the plaintiff was arrested on a warrant and charged with Failure to Appear in Court. Exhibit A[2], para. 5. That same day a judge set his bond in the amount of $1,000, and the plaintiff was then transported to Troop K where he was detained. Exh. A, para. 6 & 7. It was while he was at Troop K that the defendant raised the judicially set bond of $1,000 to $250,000. Exh. A, para. 8 & 9. The plaintiff's complaint further admits that on July 30, 2001 the plaintiff was arrested on new charges of threatening and disorderly conduct, and the judge who signed the arrest warrant for the new charges that Monday, July 30, 2001, set the plaintiff's bail at $100,000. Exh. A, para. 11.

The plaintiff was not arrested or arraigned on the new charges on July 27th, because he had already been transported to Troop K by the time the defendant learned of the plaintiff's actions which gave rise to the new criminal charges. Exh. A, para. 7. Because the plaintiff had

---

[2] Plaintiff's Complaint, dated May 27, 2003, hereinafter referred to as Exhibit A.

2

not yet been arrested on the new criminal charges, it was the duty and responsibility of the defendant, as a prosecutor, to set the bond for the new charges to ensure the plaintiff's appearance for his arrest on the following court date. Because the plaintiff was unable to post the bond, he was taken to court on Monday July 30, 2001, where he was arrested on the new charges of threatening and disorderly conduct and the judge signing the warrant set the bond amount at $100,000. Exh. A, para. 11

As the plaintiff's own facts demonstrate, the defendant is entitled to prosecutorial immunity, because just like the prosecutor in *Doyle v. Sanchez*, he used his quasi-judicial authority to set the plaintiff's bond *prior* to his arrest on the new charges of threatening and disorderly conduct. That was it. There was no "unilateral vacating of a court's order" as the plaintiff incorrectly asserts on page five of his brief, but rather merely an increase in the bond to reflect the new charges for which he had not yet been arrested. Consequently, there was no fraud, no material misrepresentation, and no malice: just a prosecutor acting in the scope of his authority by setting the bond for the plaintiff before he had been presented to a judge for arraignment on the new criminal charges. Exh. A, para. 16-17.

Accordingly, like prosecutor *Doyle*, Defendant Liston is entitled to prosecutorial immunity, because his direction to increase the plaintiff's bond given the new criminal charges for which he had not yet been arrested, constituted legal advice provided during the judicial phase of the criminal process. *Sanchez v. Doyle*, 254 F. Supp. 2d 266, 269 (D. Conn. 2003).

In the alternative, if the defendant is not entitled to prosecutorial immunity, then he is entitled to qualified immunity. The actions of the defendant in raising the bond on the plaintiff was certainly reasonable under the circumstances. Moreover, the plaintiff has not alleged that by doing so he acted as an investigator, or that he signed an affidavit averring to the truth of certain

facts in an arrest warrant, so the cases he cited referring to such action are irrelevant. See *Kalina v. Fletcher*, 118 S.Ct. 502 (1997); *Morgenthau*, 909 F.2d 75 (2d. Cir. 1990). Nor has the plaintiff cited a single case that holds that a prosecutor may *not* increase a judicially set bond when, after the suspect has been removed from court, additional charges are contemplated but for which he has not yet been arrested. This is what the defendant did which the plaintiff now claims on page six of his brief, "amounts to a constitutional coup". Unfortunately for the plaintiff, not only is this not a "constitutional coup", it is not even a violation the of the plaintiff's constitutional rights. Rather, it is an action within the quasi-judicial authority enjoyed by a prosecutor and is an activity which if not protected by prosecutorial immunity, is certainly protected by qualified immunity.

## CONCLUSION

Accordingly, because the actions of the defendant prosecutor were within the scope of his duties as an advocate, he is entitled to prosecutorial immunity, or in the alternative, qualified immunity. Therefore, the defendant respectfully requests that his Motion to Dismiss be granted.

DEFENDANT
Timothy Liston

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct17831
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
E-mail: Robert.Fiske@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Reply was mailed on this, the 28th day of October, 2003, first class postage prepaid to:

Mr. Norman Pattis, Esq.
Williams and Pattis
51 Elm Street, Suite 401
New Haven, CT 06510

_____
Robert B. Fiske, III
Assistant Attorney General