UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD ROOT, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:03-cv-949 (JCH) |
| | : | |
| TIMOTHY LISTON, | : | |
|     Defendant. | : | DECEMBER 10, 2003 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [DKT. NO. 9]
AND MOTION TO STRIKE [DKT. NO. 14]**

Plaintiff, Edward Root, alleges claims under 42 U.S.C. § 1983 and 1988, asserting that defendant, Timothy Liston, violated his rights under the Fourth, Eighth, and Fourteenth Amendments. Liston brings this motion to dismiss, arguing that he is entitled to absolute immunity, or in the alternative, qualified immunity. [Dkt. No. 9]. He also asks the court to strike the plaintiff's unauthorized sur-reply. [Dkt. No. 14]. For the following reasons, the motion to dismiss is denied and the motion to strike is granted.

**I.  BACKGROUND**[1]

This suit arises out of alleged actions of the defendant, a Connecticut Assistant State's Attorney, following the plaintiff's arrest on January 27, 2001. Plaintiff was arrested for failure to appear in court for the charge of driving under suspension. Plaintiff alleges that he was actually in court and that Liston took affirmative steps to ensure that his case

---

[1] On this motion to dismiss, the facts are taken from the allegations of plaintiff's complaint.

1

was not called.

The plaintiff was taken into custody and detained. The judge ordered a $1,000 bond. A bondsman appeared at Troop K State Police barracks, where the plaintiff was being held, several times on July 27, 28, and 29, ready to post that bond. During that time, however, Liston had informed the state police that the bond was in fact $250,000.

On July 30, 2001, the plaintiff appeared in the Middletown Superior Court on new charges of threatening and disorderly conduct. A judge set bond at $100,000.

Plaintiff alleges that the defendant knew that a judge-set, $1000 bond was in place between July 27 and July 30, and that he materially misrepresented the amount of the bond set "for the express purpose of assuring that [the plaintiff] remained behind bars and unable to secure his liberty."

## II. DISCUSSION

### A. Standard

In evaluating the plaintiffs' complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (citations omitted). However, "bald assertions and conclusions of law will not suffice to state a claim." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), abrogated on other grounds, Swierkiewicz v. Solema N.A., 534 U.S. 506 (2002) (internal citations omitted).

B.    **Absolute Immunity**

It is firmly established that prosecutors are entitled to absolute immunity from suits for damages arising from activities that are "intimately associated with the judicial phase of the criminal process." Barbera v. Smith, 836 F.2d 96 (2d Cir. 1987) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31, (1976)). This protection encompasses "all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation. . . ." Id. (quoting Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir.1986)).

Defendant's motion to dismiss based on absolute immunity is denied for two reasons. First, while the defendant claims that he has authority to set bail, he does not cite the court to the source of that authority.[2] The plaintiff does not allege that the defendant improperly advocated for an excessive bail amount, which would be within his function as an advocate for the government. See Sanchez v. Doyle, 254 F. Supp. 2d 266, 269 (D. Conn. 2003) (prosecutor immune when he advised police officer who set bail as to the proper amount); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (prosecutor immune when he applied for increase in amount of defendant's bail, which was

---

[2] The court's own search did not uncover any statute that would give the state's attorney such authority, though several statutes give various bond authority to judges (§ 54-63e, § 54-69), police officers (§ 54-63c, § 54-64a), the clerk of the superior court (§ 54-64b), and bail commissioners (§ 54-63d). The state's attorney does have the authority to authorize the police department to delay release (§ 54-63d), but those are not the facts alleged here.

granted). Rather, the plaintiff alleges that the defendant lied about the amount of bail that the judge had set. The defendant presents no authority suggesting that he has authority to determine bail, let alone to misrepresent bail already set by a judge. "An official has no absolute immunity when he has acted in the 'clear absence of all jurisdiction.'" Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).

Second, even if the defendant, as a Connecticut prosecutor, did have some authority to set bond on a pending charge on which the defendant had not yet been arraigned, the complaint does not set forth if those charges had been filed at the time at which the defendant decided to misrepresent the amount of plaintiff's bail. Instead, the complaint merely states that plaintiff was arrested on July 27, 2001, on a "failure to appear" charge, and that bail was set at $1000; that Liston told police the bond was $250,000; and that on July 30, 2001, plaintiff was presented and arrested on additional, misdemeanor charges of threatening and disorderly conduct, and bond was set at $100,000. If the defendant contends that the facts were different, and that on those facts, he was within his authority as a Connecticut prosecutor, he may present those facts in a motion for summary judgment.

### C.  Qualified Immunity

"Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his conduct did not

violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003). The question is "what a reasonable person in the defendant's position should know about the constitutionality of the conduct." McCullough v. Wyandanch Union Free Sch. Dist., 187 F.3d 272, 278 (2d Cir. 1999). Whether an officer violated a victim's constitutional rights and whether that officer is entitled to qualified immunity are distinct questions. Saucier v. Katz, 533 U.S. 194, 207 (2001). In evaluating a defendant's claim of qualified immunity, the court must consider first, whether there was a constitutional violation, and second, whether the right was clearly established or the violation was "reasonable." Id. The defendant's motion to dismiss does not argue that the plaintiff's complaint does not allege the violation of a constitutional right, so the court will not address that issue.[3]

---

[3] However, the court assumes that the complaint would at least allege a violation of the right to be free from excessive bail, guaranteed in the Eighth Amendment, which has been made applicable to the states through the Fourteenth Amendment. See, e.g., Robinson v. California, 370 U.S. 660, 666 (1962). This is a cognizable claim under § 1983. See Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987) (police officer held liable under § 1983 for influencing clerk to set bail of $500 for defendant arrested on motor vehicle violation charges). He also alleges that the defendant took affirmative steps to ensure that the plaintiff's case was not called so that he might be arrested for failure to appear, which could be taken as a claim for unlawful arrest under the Fourth Amendment, see, e.g., Lennon v. Miller, 66 F.3d 416 (2d Cir. 1995), and deprivation of liberty without due process of law in violation of the Fourteenth Amendment. See, e.g., Taylor v. Rodriguez, 238 F.3d 188, 191-192 (2d Cir. 2001). These rights were, in general, well-established at the time of the conduct complained of in this case.

Taking the limited facts alleged by the plaintiff, the defendant is not entitled to qualified immunity. The defendant asserts that a reasonable prosecutor would not find it unreasonable to fabricate a $250,000 bail on the new misdemeanor charges of threatening and disorderly conduct, when bail had in fact already been set by the court at $1000 on the failure to appear. Defendant claims that he had authority to revise the bail amount, because other charges had been instituted, making a higher bail amount advisable. However, as discussed above, the complaint does not allege these facts, but rather that the defendant misrepresented the amount of bail by $249,000 on the existing charge on failure to appear, thus unilaterally increasing the plaintiff's bail; the complaint is silent about when those new charges were filed. As a result, on the facts as alleged in the plaintiff's complaint, and without any factual record to consider, the court cannot find that defendant's action was "reasonable," entitling him to qualified immunity.

III.    CONCLUSION

Defendant's motion to dismiss complaint on grounds of absolute and qualified immunity is DENIED [Dkt. No. 9], without prejudice to renew on a fuller factual record at summary judgment. Defendant's motion to strike is GRANTED. [Dkt. No. 14]. No sur-reply is permitted under the Local Rules. See D. Conn. Local Rule 7.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th of December, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge