UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD ROOT, | : | CIVIL NO. 3:03CV949(JCH) |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| | : | |
| TIMOTHY LISTON, | : | FEBRUARY 18, 2004 |
| DEFENDANT | : | |

## DEFENDANT LISTON'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Defendant, Assistant State's Attorney Timothy Liston, hereby files this Answer to the plaintiff's Complaint dated May 27, 2003, as it pertains to this action, as follows:

1. As to the allegations contained in paragraph one of the Complaint, they are denied.

2. As to the allegations contained in paragraph two of the Complaint, they are denied.

3. As to the allegations contained in paragraph three of the Complaint, they are admitted.

4. As to the allegations contained in paragraph four the Complaint, they are admitted.

5. As to the allegations contained in paragraph five of the Complaint that "[o]n or about July 27, 2001, the plaintiff was arrested at the Superior Court for the Judicial District of Middletown pursuant to a warrant for a Failure to Appear in Court[ ]", and that the criminal charge for which the plaintiff had failed to appear was driving under suspension, are admitted. All remaining allegations contained in this paragraph are denied.

6. As to the allegation contained in paragraph six of the Complaint, that "[a] Judge of the Superior Court for the State of Connecticut set a bond of $1,000", is admitted. As to all

remaining allegations contained in this paragraph, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

7. As to the allegations contained in paragraph seven of the Complaint, they are admitted

8. As to the allegations contained in paragraph eight of the Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

9. As to the allegations contained in paragraph nine of the Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

10. As to the allegations contained in paragraph ten of the Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

11. As to the allegations contained in paragraph eleven of the Complaint, they are admitted.

12. As to the allegations contained in paragraph twelve of the Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

13. As to the allegations contained in paragraph thirteen of the Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

14. As to the allegations contained in paragraph fourteen of the Amended Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

15. As to the allegations contained in paragraph fifteen of the Amended Complaint, the defendant denies knowledge or information sufficient to form a belief and leaves the plaintiff to his proof.

16. As to the allegations contained in paragraph sixteen of the Complaint, they are denied.

17. As to the allegations contained in paragraph seventeen of the Complaint, they are denied.

18. As to the allegations contained in paragraph eighteen of the Complaint, they are denied.

### **CLAIMS FOR DAMAGES**

Wherefore, with respect to the plaintiff's claims for damages:

a. As to the plaintiff's request for relief in paragraph "a" of this subsection of the Complaint, it is denied.

b. As to the plaintiff's request for relief in paragraph "b" of this subsection of the Complaint, it is denied.

c. As to the plaintiff's request for relief in paragraph "c" of this subsection of the Complaint, it is denied.

d. As to the plaintiff's request for relief in paragraph "d" of this subsection of the Complaint, it is denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the aforementioned defendant raises the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for fraud.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Eighth Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Fourth Amendment to the United States Constitution

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for the intentional infliction of emotional distress.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendant acted in his capacity as a Connecticut State's Attorney and therefore is entitled to prosecutorial immunity.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendant carried out his duties with the reasonably good faith belief that he was acting lawfully, and therefore is entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to the plaintiff's state law claims, at all times relevant to the Complaint, the defendant was a state employee whose conduct was within the scope of his duties, and were not wanton, reckless or malicious. He is therefore immune from liability pursuant to Conn. Gen. Stat. § 4-165.

                DEFENDANT
                TIMOTHY LISTON.

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


                _____
         BY:  Robert B. Fiske, III
              Assistant Attorney General
              110 Sherman Street
              Hartford, CT 06105
              Tel.: (860) 808-5450
              Federal Bar No. #ct17831
              e-mail: robert.fiske@po.state.ct.us


## **CERTIFICATION**

       I hereby certify that a copy of the foregoing was mailed this, the 18th day of February, 2004, by first class postage prepaid, to:

Mr. Norman Pattis, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

              _____
              Robert B. Fiske, III
              Assistant Attorney General