UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD ROOT | : | 3:03CV949(JCH) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY LISTON | : | FEBRUARY 17, 2004 |
| *Defendant* | | |

## MOTION FOR AN EXTENSION OF TIME

The defendant, Connecticut State's Attorney Timothy Liston, respectfully moves for a sixty day extension of time to April 19, 2004, to complete discovery and file a motion for summary judgment, for the foregoing reasons:

1. On or about May 27, 2003, the plaintiff filed his Complaint.

2. On or about July 30, 2003, the plaintiff filed a Motion for Default.

3. On or about August 11, 2003, the undersigned counsel for the defendant was assigned responsibility for this case and filed an appearance the same day.

4. On or about August 12, 2003, this Court granted the plaintiff's Motion for Default and issued an Order of Default against the defendant.

5. On or about August 15, 2003, the undersigned counsel for the defendant filed a Motion to Set Aside the Order of Default, and that motion was granted on August 28, 2003.

6. No Rule 26f Scheduling Order was completed by the parties.

7. On or about September 23, 2003, the defendant filed a Memorandum of Law in support of a Motion to Dismiss the plaintiff's Complaint, and on or about October 14, 2003, the plaintiff filed a memorandum of law in opposition to that motion.

8. On or about October 28, 2003, the defendant filed a Reply to the plaintiff's opposition, and on or about November 11, 2003, the plaintiff filed a Sur-Reply.

9. On or about November 17, 2003, the defendant filed a Motion to Stike the plaintiff's sur-reply, and on November 20, 2003, the plaintiff filed a Memorandum in Opposition to the defendant's motition to strike the sur-reply.

10. On or about December 10, 2003, this Court issued a decision denying the defendant's Motion to Dismiss without prejudice to renew on a fuller record at summary judgment. The Court granted the Defendant's motion to stike the plaintiff's sur-reply.

11. In January 2004, the undersigned counsel for the defendant spoke with plaintiff counsel Norm Pattis regarding the scheduling of discovery both parties expected to conduct in the coming months, as well as the undersign's intention to file a motion for summary judgment at the conclusion of the discovery. The filing of a Rule 26f Scheduling Order was also discussed, though inadvertently never followed through with by either party.

12. On February 17, 2004, the undersgined counsel for the defendant was shocked and surprised to receive the Court's Call of the Calendar Notice for February 24, 2004, stating that "[a]ll discovery and dispositive motion deadlines having elapsed, the case . . . has been placed by the Court on its next call of the calendar . . .".

13. Upon receipt of this notice, the undersigned counsel contacted Mr. Pattis and discussed the intention of the undersigned to seek an extension of time for discovery and the filing of a motion for summary judgment. Mr. Pattis stated that he would have no objection to such a request.

14. The undersigned genuinely and in good faith believes that the issues in this case are ripe for summary judgment. The defendant seeks only a sixty day extention of time, until

April 19, 2004, to complete the necessary discovery to support his motion for summary judgment. This reasonably short extension of time will not unreasonably delay the resolution of this matter, nor will it result in any prejudice to the plaintiff. In fact, it will be of equal benefit to him.

    15. In the event this motion for an extension of time is denied however, the defendant will be severely prejudiced. This is the defendant's first request for an extension of time, the amount of time sought is purposefully minimal, and the issue in the case is ripe for summary judgment. With a fuller factual record, the defendant is confident that this matter will be decided favorably on summary judgment, given the viable defenses of both prosecutorial and qualified immunity. Furthermore, it would be unduly prejudicial to bar the defendant this relief due to an inadvertent action by his counsel.

    WHEREFORE, Defendant Timothy Liston respectfully requests that his motion for a sixty day extension of time to April 19, 2004 be granted.

        DEFENDANT
        TIMOTHY LISTON

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY: _____
        Robert B. Fiske, III
        Assistant Attorney General
        Fed. Bar No. ct17831
        Office of the Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Tel:  (860) 808-5450
        E-MAIL: Robert.Fiske@po.state.ct.us


## **CERTIFICATION**

This certifies that a copy of the foregoing was mailed this, the 17th day of February, 2004, to:

Mr. Norm Pattis, Esq.
Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT 06510

        _____
        Robert B. Fiske, III
        Assistant Attorney General

5