UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD ROOT, JR. | : | |
| | : | |
| VS. | : | NO. 3:03CV00949(JCH) |
| | : | |
| TIMOTHY LISTON | : | August 2, 2004 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

I. **Plaintiff's Response to Defendant's Statement**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. The plaintiff can neither admit nor deny the statements reflected in the self-serving hearsay of the declarant.

6. Admit that the defendant lost a trial in which he had previously prosecuted the plaintiff for two felonies. The defendant is left to his proof as to the balance of the contentions.

7. Deny that there was a threat on Barbara Hoffman's life. The plaintiff can neither admit nor deny the self-serving hearsay of the declarant.

8. The plaintiff can neither admit nor deny the self-serving hearsay of the declarant.

9. Admit that the plaintiff was taken into custody on the case for which a $1,000 bond had been set and that no other court set bond had been authorized, and that no arrest warrant for the alleged threatening had even been sought at the time described.

10. The plaintiff neither admits nor denies the self-serving hearsay of the declarant.

11. Admit, in so far as the bond referred to is understood to be the $1,000 court-set bond.

12. Admit.

13. Admit, insofar as it constitutes an admission that the state's attorney set a bond on a file in which there was neither an on-site arrest nor a warrant for an arrest.

14. Admit that these are the factors recited by the defendant in retrospect as a justification for his conduct.

15. Admit insofar as it constitutes an admission that the defendant increased a judicially set bond unilaterally, during a time in which judges were available to him, and at a time in which there was no new warrant for the plaintiff's arrest.

16. Admit that these are the justifications offered in retrospect.

17. Deny.

18. The plaintiff neither admits nor denies these conclusory legal theories and notes that in his deposition the defendant could recite no authority for his beliefs.

19. The plaintiff neither admits nor denies as the paragraph bears no resemblance to the facts of this case.

20. Admit.

21. Admit.

22. Admit in so far as it concedes that at all times relevant to this case there was no warrant for the charges on which the defendant apparently decided to increase the bond in an unrelated case.

23. Admit.

24. Admit.

25. Admit.

26. The plaintiff neither admits nor denies the statements herein.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

II. **Statement of Material Facts In Dispute**

1. On July 18, 2001, a $1,000 bond was set for the plaintiff on charges of failure to appear on a motor vehicle case. (Defendant's Statement of Undisputed Facts, Para. 4)

2. Counsel thereafter appeared for the plaintiff and sought vacation of the rearrest charge of failure to appear, noting that he had, in fact, been present in the courthouse, but that prosecutors had refused to call his case. (Pleading of Diane Chace, Motion to Vacate Rearrest; Exhibit A)

3. The plaintiff was taken into custody at the Middletown court house on July 27, 2001. (Defendant's Statement of Undisputed Facts, Para 9)

4. On July 27, 2001, a member of the Connecticut State Police was wold by a witness that the plaintiff's ex-wife had told her that the plaintiff, while intoxicated, stated that "if he had a gun he could take out (50) cops and Barbara Hoffman." He also spoke about putting a bullet between his own eyes. (Arrest Warrant Affidavit, pages four and six; Exhibit B)

5. A bondsman tried on July 27, 2001, July 28, 2001, and July 29, 2001 to secure the plaintiff's release on the $1,000 bond set by a Judge of the Superior Court for outstanding criminal charges. (Affidavit of Bruce Biel, Appended to Petition for Review of Bail; Exhibit C)

6. A warrant for the plaintiff's arrest on charges of threatening was not signed by a Judge of the Superior Court until July 30, 2001. (Warrant; Exhibit B)

7. The cases of Akov Ortiz, Bryant Browne and Dwight Pink are factually distinct and do not present parallels to the case at bar. (Pattis Affidavit; Exhibit D)

8. The Middletown Superior Court was open from 9 a.m. until 5 p.m. on July 27, 2001, and there were not traffic emergencies preventing the plaintiff from being returned to court for any bond motions which the State might

   seek. (Pattis Affidavit, Exhibit D)

9. Attorney Liston told members of the State Police not to release the plaintiff on his $1,000 bond for failure to appear because Attorney Liston had changed the court-set bond. (Letter of Captain Buturla, Exhibit E; Liston deposition, pages 29-32, Exhibit F)

10. Attorney Liston is unaware of any legal authority giving him permission to alter a court-set bond in the manner in which he did in this case. (Liston deposition, p. 29, Exhibit F)

11. Nothing other than the self-serving declaration of the defendant that he believed he had authority to alter a bond in this manner has been submitted by the defendant to support the proposition that prosecutors could have a good-faith disagreement about whether the manner in which the bond was increased in this case comports with existing law.

                                  THE PLAINTIFF


                                  By_____
                                      NORMAN A. PATTIS
                                      Williams and Pattis, LLC
                                      51 Elm St., Suite 409
                                      New Haven, CT 06510
                                      Ct13120
                                      203.562.9931
                                      203.776.9494 (fax)
                                      napatty1@aol.com


                          **CERTIFICATION**

   The foregoing was mailed this 2nd day of August 2004 to Robert Fiske, 110 Sherman Street, Hartford, CT 06105.



                                  _____
                                  NORMAN A. PATTIS