**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EDWARD ROOT                  :       No. 3:03CV00949(JCH)
    *Plaintiff*              :
                      :
   v.                 :
                      :
TIMOTHY LISTON         :
    *Defendant*          :       SEPTEMBER 3, 2004

### MR. LISTON'S REPLY TO THE PLAINTIFF'S OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT

The defendant, Connecticut State's Attorney Timothy Liston, (hereinafter "Mr. Liston"), submits this reply brief in response to the plaintiff's Opposition to his Motion for Summary Judgment.

The plaintiff's rights were not violated by Mr. Liston, but in the event they were, he is entitled to both prosecutorial and qualified immunity. The plaintiff's broad, conclusory, and passionate arguments to the contrary are unpersuasive, and are not supported by law or fact. Mr. Liston's brief clearly set out the jurisdictional authority he was granted as a state prosecutor under the common law and the Connecticut General Statutes. The plaintiff provides no law which limits this jurisdictional authority or otherwise declares Mr. Liston's action unlawful. Even in the event Mr. Liston did not have the authority under the Connecticut General Statutes as he believed, he is nevertheless entitled to prosecutorial immunity because he was at all times acting in his capacity as a prosecutor during the judicial phase of the criminal process. In

addition, he also is entitled to qualified immunity, because it cannot be said that the law is so clearly established that he should have known that his action would violate the plaintiff's rights, or that he was unreasonable in his belief that he was acting lawfully.

In this reply, Mr. Liston will not repeat the arguments set forth in his summary judgment memorandum of law, but rather, will address the deficiencies to the plaintiff's opposition.

I.    **THE PLAINTIFF HAS NOT CITED ANY ADMISSIBLE EVIDENCE OR LAW WHICH SUPPORTS HIS CLAIMS THAT THE ACTIONS OF THE DEFENDANT WERE UNLAWFUL**

The plaintiff has not cited a single case, state statute, or other law which supports his claim that Mr. Listen acted unlawfully or without authority as a state prosecutor when he increased the plaintiff's court set bond to ensure his appearance in court after he learned of a threat made by the plaintiff to kill a prosecutor and police officials. The plaintiff also has not presented any admissible evidence which creates a genuine issues of material fact in dispute.

The plaintiff's argument that Mr. Liston's decision not to provide the affidavit of any other prosecutor to support his claim of jurisdictional authority somehow diminishes his defense is not only a red herring, but is unpersuasive. (pl. brief, pg. 7). First, Mr. Liston does not have the burden of proof, the plaintiff does. *Fisher v. Vassar College*, 114 F.3d 1332, 1336-37 (2d Cir. 1997); *Valance v. Wisel*, 110 F.3d 1269 (N.D. Ind. 1997); *Federal Rules of Evidence* Rule 301. A defendant in a civil action only has a burden of proof with respect to any affirmative defenses he has raised or to rebut a presumption. *Miller v. AT&T Corp.*, 250 F.3d 820, 838 (4th Cir. 2001); *F.R.E.* Rule 301. Indeed, the burden of proof for an affirmative defense shifts to the defendant *only* if the plaintiff has first met the burden of proof on his claims. *Weinstock v. Columbia Univ.* 224 F.3d 33, 42 (2d Cir. 2000); s*ee also*, *Patterson v. Central Mills, Inc*., 2003 U.S. App. LEXIS 8425, n3 (6th Cir. 2003).

Second, Mr. Liston's affidavit consists of relevant, admissible evidence which supports his belief that he acted lawfully and reasonably under the circumstances with which he was

confronted. Mr. Liston's belief that he had both a duty and the jurisdictional authority as a state prosecutor to take all steps necessary and proper to ensure the accuser's appearance in court was reasonable, as it was based upon the common law and the Connecticut General Statutes cited in his brief, as well as his 23 years of prosecutorial experience. *See* C.G.S. §§51-277(a) & (b); C.G.S. §54-63d. Mr. Liston's belief that he had the authority to increase the plaintiff's bond was also shared by Judge Wolven, who, the following Monday, not only rejected arguments by the plaintiff's attorney, Ms. Chase, that Mr. Liston's action was unlawful, but affirmed the plaintiff's bond in the amount set by Mr. Liston at two hundred and fifty thousand dollars.

In contrast to Mr. Liston's brief, despite bearing the burden of proof, the plaintiff did not provide an affidavit himself, but rather submitted only an affidavit of his attorney Mr. Pattis. Mr. Pattis' affidavit merely confirms the seriousness of the cases which prompted Mr. Liston to become concerned about the plaintiff's increased risk of flight. Mr. Pattis' affidavit is otherwise irrelevant and inadmissible. His lack of personal knowledge about the specific incidents constitutes conclusory observations which are not acceptable evidence in a summary judgment brief. *Knight v. Fire Insurance Company*, 804 F.2d 9, 12, (2nd Cir. 1986) (to defeat a motion for summary judgment, the non-moving party may not merely rely upon unsupported allegations made in their complaint, nor rely on "mere speculation of conjecture" to overcome a motion for summary judgment).

The fact that the plaintiff did not cite to any case or statute, state or federal, which expressly prohibited Mr. Liston from taking the action he did, or which rebutted the law presented by Mr. Liston in support of his action, is telling. The same is true of the fact that the plaintiff did not even challenge the Connecticut statutes cited by Mr. Liston which provided him, both expressly and implied, with the authority to act as he did. While the plaintiff did cite the decision *Sanchez v. Doyle*, 254 F. Supp. 266 (D. Conn 2003), in support of his arguments, that case actually helps Mr. Liston. Although the facts are different, as the plaintiff correctly points out, (the prosecutor set the bond before the accused had been presented to a judge for arraignment), the holding nevertheless confirms that a Connecticut prosecutor has the

3

jurisdictional authority to set the bond for an accused, just as Mr. Liston believed.  *See also*, C.G.S. §§51-276; 51-277(a) & (b); 51-281; 54-63c(a); 54-63d(d).  The only other cases relied upon by the plaintiff are *Kalina v. Fletcher*, 118 S. Ct. 502 (1997), and its progeny, which are not applicable to this case.  Mr. Liston's affidavit proves that at all times during the alleged incidents he was acting lawfully and in furtherance of his core prosecutorial function in accordance with the common law and the Connecticut General Statutes.  There is no allegation in the Complaint that Mr. Liston was acting as an investigator, or was the affiant for the arrest warrant for the plaintiff on the threatening charges.  The plaintiff's efforts to characterize Mr. Liston's actions as something other than what they were will not succeed.  It is evident that Mr. Liston did not violate the plaintiff's rights by increasing his bond; it was warranted under the circumstances, he had the authority to do so, and his actions were confirmed by Judge Wolven who ratified the plaintiff's bond amount at two hundred and fifty thousand dollars at his arraignment the following Monday.

Accordingly, the law is clear that Mr. Liston acted lawfully in exercising his power and duty as a prosecutor in taking the steps necessary and proper to prosecute the crime or offense against the laws of the State of Connecticut for which the plaintiff was accused, by ensuring his appearance in court.  C.G.S. §51-277(a) & (b).  Mr. Liston is therefore entitled to summary judgment.

## II.    MR. LISTON IS ENTITLED TO PROSECUTORIAL IMMUNITY, OR AT A MINIMUM, QUALIFIED IMMUNITY

In the event this Court holds that the plaintiff's rights were violated by Mr. Liston, he is nevertheless entitled to prosecutorial immunity or certainly qualified immunity.

### A.    Prosecutorial Immunity

In the event Mr. Liston had acted in excess of his authority as the plaintiff alleges, he would nevertheless be entitled to prosecutorial immunity, because he did not act "in the clear absence of all jurisdiction".  *Stump v. Sparkman*, 435 U.S. 349 (1978); *Sanchez v. Doyle*, 245 F.

Supp. 2d 266 (D. Conn. 2003); *Tucker v. Outwater*, 118 F.3d 930 (2d Cir. 1997). Certainly, at a minimum, C.G.S. §§51-277(b); 51-276, 54-63d(d) and 54-63c(a), as well as the holding in *Sanchez v. Doyle*, *supra*, provided Mr. Liston with a semblance of jurisdiction to modify the plaintiff's bond. This is sufficient to provide immunity. The fact that there is not a provision in the Connecticut General Statutes granting a prosecutor explicit authority to increase an accused's bond under the circumstances faced by Mr. Liston is irrelevant. *Barr v. Abrams*, 810 F.2d 358 (2d Cir. 1987) (Court expressly rejected idea that a prosecutor loses immunity when state law does not expressly empower a prosecutor to act). As long as Mr. Liston did not act "in the clear absence of all jurisdiction", he is entitled to prosecutorial immunity. *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997).

### B.    Qualified Immunity

The omission of the words "state's attorney" from the restriction stated in C.G.S. §54-63c(a) arguably creates ambiguity as to whether a prosecutor can or cannot modify a condition of release set by the court, as Mr. Liston did in this case. That statute, in relevant part, states:

> After such a waiver, refusal or interview, the police officer shall
> promptly order release of the person upon execution of a written promise
> to appear or the posting of a bond as may be set by the police officer,
> except that no condition of release set by the court or judge thereof may
> be modified by such officer . . .

C.G.S. §54-63c(a). There is no doubt that the language in that statute prohibits a police officer from modifying a court set bond. But there is no similar restriction as to a state's attorney. This omission, in effect, suggests that a state's attorney may modify a court set bond. Such a conclusion is supported by the fact that there are several statutes, as cited by Mr. Liston in his brief and this reply, which delineate the power and authority of a state's attorney. It would have been quite simple for the legislature to add the words "state's attorney" along with "police officer" if it was their intent to apply the prohibition against modifying a court set bond to both a police officer and a state's attorney. The fact that they did not is evident of their intent to place

no such restriction upon a state's attorney from doing so. As a result of this ambiguity, Mr. Liston is entitled to qualified immunity, since it the law is not clear. Therefore, given the language of the Connecticut General Statutes, especially C.G.S. §54-63c(a), it was reasonable for Mr. Liston to believe that he had the authority to increase the plaintiff's bond under the circumstances. Since the language of C.G.S. §54-63c(a), is subject to interpretation, any mistake by Mr. Liston was reasonable and entitles him to qualified immunity, because the law was not clear that he lacked a colorable claim of jurisdictional authority to act as he did.

Consequently, in the event Mr. Liston violated the plaintiff's rights, he is immune from suit due to the protection of qualified immunity. Moreover, the plaintiff has not raised a genuine issue of material fact in dispute sufficient to defeat summary judgment. Therefore, Mr. Liston is entitled to summary judgment in its entirety.

## **CONCLUSION**

Mr. Liston did not violate the plaintiff's rights. At all times alleged in the Complaint, Mr. Liston was acting in the scope of his employment as a State's Attorney pursuant to the duties and authority granted to him under the common law and the Connecticut General Statutes. His action in raising the plaintiff's court set bond occurred during the judicial phase of the criminal process and was authorized, expressly or implied, by Connecticut law. Moreover, the plaintiff has not cited any relevant law which has held that the actions of Mr. Liston were unlawful, nor has the plaintiff shown any genuine issues of material fact sufficient to defeat summary judgment. Finally, in the event the actions of Mr. Liston were unlawful, he is nonetheless entitled to both prosecutorial and qualified immunity. Accordingly, Mr. Liston's summary judgment motion should be granted in all respects and Judgment should be entered on his behalf against the plaintiff, with prejudice.

DEFENDANT
Timothy Liston

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    ___/s/_____
           Robert B. Fiske, III
           Assistant Attorney General
           Federal Bar No. ct17831
           110 Sherman Street
           Hartford, CT  06105
           Tel: (860) 808-5450
           E-mail: Robert.Fiske@po.state.ct.us


## CERTIFICATION


       I hereby certify that a copy of the foregoing Reply was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 3rd day of September 2004,  first class postage prepaid to:

       Mr. Norman Pattis, Esq.
       Williams and Pattis
       51 Elm Street, Suite 401
       New Haven, CT   06510


           ___/s/_____
            Robert B. Fiske, III
            Assistant Attorney General